WAPPONOCCA OUTING CLUB v. ROAD IMPROVEMENT DISTRICT No. 3.

Opinion delivered July 8, 1918.

IMPROVEMENT DISTRICTS—ROADS—ORGANIZATION—RIGHT OF COMMISSIONERS TO APPEAL FROM ORDER OF COUNTY COURT.—Section 40 of Act 338, Acts of 1915, applies to all orders of the county court, and provides that the county court shall be open at all times for the purpose of making any such orders or entering any judgment in carrying forward the organization of the road district, and confers the right of appeal upon the property owners and upon the board of commissioners, from any order or judgment of the court.

Appeal from Crittenden Circuit Court, First Division; *W. J. Driver*, Judge; affirmed.

*Berry & Wheeler* and *T. K. Riddick*, for appellant.

1. It was error to refuse to dismiss the appeal of the commissioners. No appeal is allowed in the act (Act 138, Acts 1915, § § 14, 40) to the commissioners except for refusal to *enter* judgment refusing or rejecting assessments. Sec. 40 does not enlarge the scope of appeals allowed in sec. 14. See 26 Enc. Law (2 ed.) 608-10; 36 Cyc. 1119-20; 61 Ark. 494.

2.   Jurisdiction of the circuit court on the Heafer appeal was confined to the land owned by Heafer.   Act 1915, § 39.

*J. V. Neely* and *J. T. Coston,* for appellee.

1.   There is no bill of exceptions and the only question is the right to appeal.   The right to appeal is clearly given.   Acts 1915, p. 1414, § § 14, 39-40; 118 S. W. 1010.

2.   The commissioners had the right to appeal. Acts 1915, p. 1436, § § 14, 40.

McCULLOCH, C. J.   A certain road improvement district was duly formed in Crittenden County pursuant to Act No. 338 of the General Assembly of 1915, an assessment of benefits was made in accordance with the terms of the statute and reported to the county court for approval or rejection.   Notice was given and at the hearing the county court made and entered an order confirming the assessments, from which order appeals were duly prosecuted to the circuit court by property owners and also by the commissioners of the district.   When the cause was reached for hearing in the circuit court, motions to dismiss each of the appeals were presented, and the court overruled the same, and proceeded to hear the cause on both appeals, and an appeal has been prosecuted to this court by appellant, one of the property owners, from the judgment of the circuit court.

There was no bill of exceptions filed bringing upon the record the testimony and other oral proceedings, and it is conceded by counsel for appellant that there is nothing for this court to review with respect to the alleged errors of the court on the appeal of the property owners. That concession is, of course, correct, for there is no error on the face of the record in that particular, inasmuch as there is no bill of exceptions, and we must indulge the presumption that the finding of the court as to the correctness of the assessments was sustained by sufficient evidence.

It is contended, however, that the alleged error of the court in refusing to dismiss the appeal of the com-

missioners is one which appears upon the face of the record itself without a bill of exceptions and is properly before us for review.   Appellant contends, in other words, that the circuit court erred in refusing to dismiss the appeal of the commissioners, it being contended that the statute does not authorize an appeal on the part of the commissioners, except for a refusal of the county court to *enter* its judgment approving or rejecting the assessments.   If counsel for appellant are correct in their contention as to the state of the law on this subject, the question is properly before us for review, for the error of the court in refusing to dismiss the appeal, if it was an error, is one which appears on the face of the record.

Section 13 of the statute in question provides that after the assessors have completed their work they shall certify a list of the assessments to the commissioners, who shall in turn file the same with the county clerk and that notice of a public hearing before the county court shall be given, and that the county court shall ''hear and determine the justness of any assessment of benefits, or damages, and is hereby authorized to equalize, lower or raise any assessment upon a proper showing to the court.''

The next section reads as follows:

''Section 14.   At the hearing provided for in the preceding section and after the county court shall have considered the assessment of benefits, it shall enter its findings thereon, either confirming the assessment of benefits against said property, increasing or diminishing same, and the order made by the county court shall have all the force and effect of a judgment against all real property in said district, and it shall be deemed final, conclusive, binding and incontestable except by direct attack on appeal.

''Any owner of real property within the district may appeal from the judgment fixing the assessment of benefits or damages within ten days by filing an affidavit for appeal and stating therein the special matter appealed from, but such appeal shall affect only the par-

ticular tract of land or other real property concerning which said appeal is taken, and on appeal only the special matters set up in said affidavit shall be considered by the circuit court.

"If no appeal is taken within that time such judgment shall be deemed final, conclusive and binding upon all real property in the district, and the owners thereof, and said assessment of benefits shall not be subject to collateral attack.

"The Board of Commissioners on behalf of the district, or any owner of real property therein may likewise appeal from any order of the county court refusing to enter such judgment, and said county court may be compelled by mandamus to enter such judgment."

Counsel for appellees defend the ruling of the court in sustaining their appeal on the ground that section 13 authorizes an appeal by the commissioners from all orders and judgments of the county court, but we do not think that their contention is sound in this respect. The language of the statute is a little peculiar when read literally, in allowing appeals merely from the refusal of the court "to enter such judgment," but such is indeed the language of the statute, and we are not authorized to depart from it and extend this provision so as to allow an appeal from judgments which the court in fact enters. The second paragraph in the section clearly gives the property owners the right to appeal from any order of the court affecting the assessments, and the fact that their right to appeal is renewed in another form in the last paragraph coupled with the right of the commissioners to take an appeal, shows that the law-makers meant something else, and that the right of appeal under the last paragraph was intended to reach only to the refusal of the court to enter a judgment on the assessments. That paragraph gives a remedy either to the commissioners or to property owners in the district by appeal or by writ of mandamus to compel the court to enter a judgment approving or rejecting the assessments.

There is another section, however, which we are of the opinion does give the right of appeal to property owners and to the commissioners alike from any and all judgments of the court. That is section 40, which reads in part as follows:

"That the county court shall be open at all times for the purpose of making an order or entering any judgment necessary for carrying forward the work of improvement contemplated by this act. To that end the county court may at any regular, special or adjourned term, make any and all orders and judgments when called upon by the Board of Commissioners, and said orders and judgments shall have the same force and effect as if entered at a regular term of said court.

"Any owner of real property, or the Board of Commissioners, may appeal from the orders and judgments of the county court within ten days after it is entered by filing an affidavit for appeal to the circuit court, and stating therein the special grounds on which said appeal is taken, and unless said affidavit is so filed within said time all of the orders and judgments so entered shall be final, binding and conclusive, and shall not be subject to collateral attack, but only on direct attack by appeal taken within said time.

"If the county court fails or refuses to make any necessary orders or judgments when called upon by the Board of Commissioners, or any officer of said district, the county court may by mandamus be required to enter said order or judgment. To this end the circuit court having jurisdiction is hereby vested with authority to hear and determine any mandamus, injunction, or other legal proceedings relative to said district, in vacation, and the ruling made by the circuit judge in vacation shall have the same force and effect as if made in term time, and shall not be questioned thereafter, either in law or equity; provided, however, any landowner or the Board of Commissioners may appeal from said order or ruling to the Supreme Court of Arkansas, upon the terms and conditions now prescribed by law."

It is very earnestly argued by counsel for appellant that this section does not enlarge the scope of appeals allowed in section 14, but we think that counsel are mistaken in this. Section 40 is too broad in its terms to be ignored, and unless it enlarges the right of appeal it would be given no effect at all. It might be argued with some degree of plausibility that this section referred to orders of the county court made subsequently to the final approval of the assessments concerning the further progress of the work of improvement, but when the section is carefully analyzed it is seen that the law-makers intended to make it apply to all orders of the county court, from first to last, and to provide that the county court shall be open at all times for the purpose of making any such orders or entering any judgments in carrying forward the purposes of the organization, and to confer the right of appeal upon the property owners and the Board of Commissioners from any order or judgment of the court.

Our conclusion is that the circuit court properly construed the statute and was correct in refusing to dismiss the appeal of the commissioners.

Judgment affirmed.