## MARCHANT v. MEAD–MORRISON MFG. CO.

(District Court, S. D. New York. September 12, 1925.)

1. Removal of causes ⊙⇒4—Suit for appointment of third arbitrator under arbitration agreement held not of civil nature, within removal statute.

Suit for appointment of third arbitrator under arbitration agreement, as authorized by New York Arbitration Act, held not suit of civil nature, within meaning of Removal Act of Congress.

2. Removal of causes ⊙⇒4—Action on award is suit of civil nature, and removable, if it is for necessary jurisdictional amount and there is diversity of citizenship.

If award of arbitrators under arbitration agreement authorized by state statute is for necessary jurisdictional amount, and there is proper diversity of citizenship, action on award would be suit of civil nature, and removable.

At Law. Application by Russell B. Marchant, as trustee in bankruptcy of the Bear Tractors, Inc., against the Mead-Morrison Manufacturing Company, for appointment of third arbitrator. On petition of defendant the cause was removed from the Supreme Court of New York. On motion to remand proceeding to state court. Motion sustained.

Charles M. Travis, of New York City, for plaintiff.

Charles E. McMahon, of New York City, for defendant.

TRIEBER, District Judge. The petitioner, trustee in bankruptcy of Bear Tractors, Inc., a corporation created under the laws of the state of New York, instituted this proceeding in the Supreme Court of the state of New York against the Mead-Morrison Manufacturing Company, a corporation created under the laws of the state of Maine, alleging a breach of a contract between the bankrupt and the Mead-Morrison Manufacturing Company hereafter referred to as the Manufacturing Company, and asking for the appointment of an arbitrator, as authorized by the Arbitration Act of the state of New York, chapter 72 of Consolidated Laws of that state. The allegations in the petition are that the contract between the parties provided for an arbitration, and that it "shall be a condition precedent to any suit, upon or by reason of any such controversy or difference"; that the petitioner demanded of the defendant an arbitration under the terms of the contract and the laws of the state, and each of the parties selected an arbitrator, who are unable to agree upon a third arbitrator. The prayer is for the court to appoint a third arbitrator, as provided by the act, in order that they may proceed with the arbitration.

[1] Upon a petition of the Manufacturing Company the cause was removed to this court, upon the ground of diversity of citizenship and that the amount involved exceeds the sum of $3,000, exclusive of interest and costs. It is moved to remand the cause, upon the ground that the proceeding is not a suit of a civil nature, within the meaning of the Removal Act of Congress (25 Stat. 433).

This question was before Judge Augustus N. Hand in Re Red Cross Line (D. C.) 277 F. 853, and he held that the action was not removable, and sustained the motion to remand. I fully concur in this. Besides the fact that a judge of the district in which the action is pending has determined a question of law, and his decision is the only one on that identical question, it would naturally cause a judge, presiding by assignment from another district and circuit, to hesitate to decline to follow it, as it is of the utmost importance that the rulings of the trial courts in the same circuit should, if at all possible, be harmonious until the appellate courts have determined them.

In addition to the reasons stated by Judge Hand in his opinion, I am of the opinion that this proceeding will only become a civil action in the nature of a judicial suit after the arbitrators have filed their report, when, under the provisions of the statute, it becomes subject to approval or disapproval by the court. The acts of the arbitrators may well be likened to those of commissioners in condemnation proceedings, or of commissioners determining benefit assessments for public improvements.

[2] If the award is for the necessary jurisdictional amount, and there is proper di-

versity of citizenship, the action would, in view of what was decided in Road District v. St. Louis South Western Ry. Co., 257 U. S. 547, 42 S. Ct. 250, 66 L. Ed. 364, and Pacific Railroad Removal Cases, 115 U. S. 1, 5 S. Ct. 1113, 29 L. Ed. 319, then be removable.

The motion to remand the cause will be sustained, but without prejudice to the right of defendant to remove the cause after the arbitrators have filed their report. In remanding the cause without prejudice, I do not want to preclude the judge who may have to pass on the right of removal, if exercised by the defendant, but do so in order to prevent a plea of res adjudicata.