TOWN OF WAYNESVILLE v. FRANK SMATHERS.

(Filed 25 June, 1927.)

**Removal of Causes—Federal Courts—Municipal Corporations—Cities and Towns—Condemnation of Lands—Actions at Law—Court's Jurisdiction.**

Proceedings by the commissioners of an incorporated town to take the property of a nonresident respondent for a public use are administrative and not judicial until the amount of compensation has been awarded, and the cause regularly transferred to the trial docket upon the respondent's

exception to the amount of damages so assessed, and upon a proper petition and bond of the respondent for the removal of the cause to the Federal Court for the appropriate district, filed in apt time before the clerk, without any act amounting to a waiver of his right, showing his nonresidence, the diversity of citizenship and his claim that the amount of his damages comes within the jurisdictional amount required by the Federal Removal Statute, the cause is accordingly properly removed.

APPEAL by plaintiff from order of *Harding, J.,* at September Term, 1926, of HAYWOOD, allowing defendant's motion for removal of this proceeding from said court to the District Court of the United States for the Western District of North Carolina. Affirmed.

This is a proceeding for the condemnation of land owned by defendant, and situate within the corporate limits of the town of Waynesville, Haywood County, North Carolina, for street improvements. The jury appointed by the board of aldermen of said town, in accordance with provisions of its charter, to assess damages to be paid by plaintiff to defendant, resulting from the taking of his land, filed its report with said board on 2 September, 1926. In said report, defendant's damages were assessed at $500. In apt time defendant excepted to said report, on the ground that his damages should have been assessed at not less than $5,900. He appealed to the Superior Court of Haywood County, as authorized by statute. The next term of said court at which the appeal could be heard began on 20 September, 1926.

In response to defendant's notice of appeal, a transcript of the record in the proceedings was docketed in the office of the clerk of the Superior Court of said county on 11 September, 1926. On 14 September, 1926, defendant filed his petition before the clerk of said court for the removal of the proceeding to the District Court of the United States for the Western District of North Carolina. In said petition he alleges that he is a nonresident of the State of North Carolina, and that the amount involved in the suit, exclusive of interest and costs, exceeds the sum of $3,000. The bond required by statute accompanied the petition. The clerk of the Superior Court heard defendant's motion, in accordance with his petition and allowed same.

Upon plaintiff's appeal from the order of the clerk, the judge presiding at the September Term, 1926, affirmed the order of the clerk and directed that the cause be removed in accordance with the prayer of the petition. From the order of the judge plaintiff appealed to the Supreme Court.

*Morgan & Ward for plaintiff.*
*Alley & Alley for defendant.*

CONNOR, J. Prior to the docketing of this proceeding in the Superior Court of Haywood County, upon defendant's appeal from the report of the jury, assessing the amount which defendant was entitled to receive as compensation for his land, and as damages for the taking of the same by plaintiff, for street improvements, under the right of eminent domain, conferred upon plaintiff by statute, it was an administrative, and not a judicial proceeding. Upon such docketing, it became a judicial proceeding, or "suit of a civil nature" within the meaning of U. S. Comp. Stat., sec. 1010, Jud. Code, sec. 28, as amended. It involves a controversy between a citizen of the State of North Carolina, in which the suit was brought, and a citizen of another State; the amount involved exceeds the sum or value of $3,000, exclusive of interest and costs. It was, therefore, removable from the Superior Court of Haywood County to the District Court of the United States for the Western District of North Carolina, provided the petition and bond were filed in apt time as required by act of Congress. It is so held in *Comrs. of Road Imp. Dist. No. 2 v. St. Louis S. W. R. Co.,* 257 U. S., 547, 66 L. Ed., 364.

*Chief Justice Taft,* in his opinion in that case, after reviewing the provisions of the statute, under which the proceeding was begun, says: "This review shows that the proceedings for the making of this road improvement are, in the main, legislative and administrative. There is, however, one step in them that fulfils the definition of a judicial inquiry if made by a court. That is the determination of the issue between the road district, on the one part, and the landowners on the other, as to the respective benefits which the improvement confers on their lands, and the damages they each suffer from rights of way taken and other injury."

"A judicial proceeding to take land by eminent domain, and ascertain compensation therefor, is a suit at common law within the meaning of the Federal Judiciary Act; and when the requisite diversity of citizenship exists, such suit may be brought in or transferred to the Federal District Court of the district in which the land lies. Such diversity of citizenship arises when a private or municipal corporation seeks to condemn land within the State of its origin, when such land belongs to a citizen of another State; and whether condemnation be effected by judicial proceedings or other statutory processes, the Federal Court must necessarily follow the procedure prescribed by the State statutes." 10 R. C. L., 207, sec. 177, and cases cited.

Immediately upon the docketing of this proceeding in the Superior Court of Haywood County, at which time the proceeding first became a "suit of a civil nature," removable from the State to the Federal Court, defendant filed his petition and bond, as required by act of Congress.

No answer or other pleading was required of him by statute or rule of court to raise the issue to be tried at the next term of the court. He had not waived his right to a removal by filing exceptions to the report of the jury appointed by the board of aldermen to assess his damages; the filing of these exceptions was required by the statute in order to have the proceedings transferred to the Superior Court. The petition for removal, filed before the convening of the court at which the issue between plaintiff and defendant stood for trial, was filed in apt time. He had not theretofore subjected himself or his cause to the jurisdiction of the State court by filing an answer or other pleading. In *Comrs. of Road Imp. Dist. No. 2 v. St. Louis S. W. R. Co., supra,* it is held that where the petition for removal was filed before the day set for the hearing and determination of the issue, the requisites of the removal statute were fulfilled.

The order of removal in the instant case, upon the authority of *Comrs. of Road Imp. Dist. No. 2 v. St. Louis S. W. R. Co., supra,* is Affirmed.