## UNITED STATES v. AUSTIN–BAGLEY CORPORATION et al.

District Court, W. D. New York. February 20, 1928.

1. **Indictment and information ⬡125(5½)— Indictment for continuing conspiracy is not bad for charging related conspiracies at different times and places.**

An indictment for conspiracy is not bad because it charges related conspiracies at different times and places as parts of a principal continuing conspiracy to violate a statute.

2. **Conspiracy ⬡28—Conspiracy to violate department regulations for enforcement of Prohibition Act constitutes an offense (Cr. Code, § 37 [18 USCA § 88]).**

Conspiracy to violate department regulations made for enforcement of Prohibition Act (27 USCA) constitutes offense under Criminal Code, § 37 (18 USCA § 88).

3. **Indictment and information ⬡109—If indictment charges an offense, it is immaterial what statute drawer had in mind.**

If an indictment charges facts constituting an offense, it is immaterial what statute or provision the drawer had in mind.

4. **Indictment and information ⬡125(5½)— Indictment for conspiracy is not duplicitous because it charges different offenses as its object.**

Indictment for conspiracy is not duplicitous because it charges different offenses as its object.

Criminal prosecution by the United States against the Austin-Bagley Corporation and others. On demurrer to indictment. Overruled.

Ernest W. McIntyre, of Buffalo, N. Y. (Alexander Otis, of New York City, of counsel), for defendants in support of the demurrer.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Roy P. Ohlin, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for the United States.

ADLER, District Judge. This is a demurrer to the indictment of the defendants for conspiracy to violate the National Prohibition Act (27 USCA). The defendant the Waterloo Distilling Corporation owned and conducted an industrial alcohol plant. The

other defendants are said to be connected with the business in several capacities.

Upon demurrer, the defendants raised a large number of objections. I shall consider in this opinion only certain of these objections. The others I dismiss as not affecting the validity of the indictment.

[1] One. The indictment charges a continuous conspiracy over a period of two years, involving a number of persons in a number of different places. The defendants' objection is that the indictment charges several different conspiracies at several different places. The case of Brown v. Elliott, 225 U. S. 392, 32 S. Ct. 812, 56 L. Ed. 1136, is authority for the proposition that, "when the plot contemplates bringing to pass a continuing result that will not continue without the continuous co-operation of the conspirators to keep it up, and there is such continuous co-operation, it is a perversion of natural thought and of natural language to call such continuous co-operation a cinematographic series of distinct conspiracies, rather than to call it a single one." In Morris v. United States (C. C. A.) 7 F.(2d) 785, affirmed in 270 U. S. 640, 46 S. Ct. 205, 70 L. Ed. 775, the language of the court is, "The mere fact that defendants might have conspired in a number of places does not defeat prosecution in one of the places within the jurisdiction of the District Court. If so, multiplicity of places of conspiring would result in immunity from prosecution." See, also, Hyde and Schneider v. United States, 225 U. S. 347, 32 S. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614.

I conclude that the indictment properly charges a single continuous conspiracy.

[2] Two. Violation of a regulation under the National Prohibition Act is an offense against the United States within the meaning of section 37 of the Criminal Code (18 USCA § 88).

"A conspiracy to commit an offense against the United States within section 37 of the Criminal Code is pleaded when it is shown the plan was to violate department rules made to guard against liquor traffic, authority for making which is given by the Volstead Act, tit. 3, '§ 13 [27 USCA § 83] and penalty for violating which is prescribed under section 15 [27 USCA § 85]." United States v. Catrow (D. C.) 7 F.(2d) 511.

[3] Three. The defendants further attack the indictment on the ground that the sections of the National Prohibition Act, which it is claimed defendants conspired to violate, are nowhere itemized.

It is immaterial what statute or what section of a statute the drawer of an indictment had in mind if the facts alleged constitute an offense. Williams v. United States, 168 U. S. 382, 18 S. Ct. 92, 42 L. Ed. 509; Taylor v. United States (C. C. A.) 2 F.(2d) 444.

I think that the indictment in this case informs the defendants in great detail of the offense with which they are charged.

[4] Four. The indictment is not duplicitous.

The first part of the indictment is a presentation of the status of the defendants in their relations to one another and does not charge or attempt to charge a crime. The second part of the indictment charges the conspiracy, and it is not duplicitous even if different crimes are charged as the object of the conspiracy. "The conspiracy is the crime, and that is one, however diverse its objects." Frohwerk v. United States, 249 U. S. 204, 39 S. Ct. 249, 63 L. Ed. 561; United States v. Eisenminger (D. C.) 16 F.(2d) 816.

I conclude that the indictment states facts sufficient to charge the defendants with an offense against the United States, and the demurrer is overruled.