## DYKES v. LITTLE et al.

Circuit Court of Appeals, Eighth Circuit.
December 26, 1928.

No. 8264.

Robert B. Keenan, of Tulsa, Okl., for appellant.

Frank T. McCoy, of Pawhuska, Okl. (John T. Craig, of Pawhuska, Okl., on the brief), for appellees.

Before VAN VALKENBURGH and COTTERAL, Circuit Judges, and REEVES, District Judge.

COTTERAL, Circuit Judge. This action was brought by the receiver of the First National Bank, of Barnsdall, Okl., to recover assessments made by the Comptroller of the Currency of Grover C. Little and Mary E. Little, as shareholders in that bank. In the first count, the former was sued for $400 on four shares. In the second count, both were sued for $1,000 on ten shares; and it was alleged that when the bank failed those shares stood in the name of Grover C. Little and that she transferred them fraudulently and without consideration, for the purpose of avoiding liability thereon, knowing at the time the bank was in a failing condition.

The defendants moved to dismiss the "bill of complaint" on several grounds. The record shows the motion was overruled and at the same time the court ordered both counts "transferred to the law docket" and the cause to "proceed on the law side of this court." Both defendants answered with a general denial.

There was a trial before a jury on January 30, 1928. The plaintiff called but one witness, who testified and identified certain exhibits. The defendants then demurred to the evidence. The court ruled that the question of fraudulent transfer of the stock was "a matter of equity for the court to determine," and that the evidence was insufficient to show a fraudulent transfer of the stock by Mary E. Little, and announced that a decree would be rendered to that effect. However, counsel were given leave to submit briefs on the question and judgment was reserved. A verdict was directed against Grover C. Little, his liability being admitted. There was no

objection to any of these proceedings and no exception saved.

On May 31, 1928, judgment was rendered against Grover C. Little for $1,000, and by the same entry it appears the court found the plaintiff was not entitled to recover of Mary E. Little and the petition was dismissed as to her, with prejudice. The plaintiff excepted and gave notice of an appeal, which he has brought to this court.

Counsel for the receiver assigns several errors in the proceedings, and among them the transfer of the case to the "law side of the docket" and the sustaining of the demurrer to the evidence. He asserts in his brief that "the only error necessary to be considered on the appeal is the demurrer to the evidence." His argument has been addressed to the evidence which he contends is sufficient to entitle the receiver to a judgment against Mary E. Little and to the alleged error in sustaining the demurrer. Her counsel have likewise discussed these matters. But they insist that, as there was no waiver of a jury and no objection to the withdrawal of the case from the jury, a review may not be had of such withdrawal or the making of findings by the trial court, and that the judgment, sustained as it is by the facts found, must be affirmed, citing Commissioners of Road Imp. District No. 2 of Lafayette County, Ark., v. St. Louis Southwestern R. Co., 257 U. S. 547, 42 S. Ct. 250, 66 L. Ed. 364.

The proceedings in that case were in all essential respects the same as in this case. The action was one at law for the recovery of money and the parties were entitled to a jury trial. The District Judge on his own motion withdrew the case from the jury and after finding the facts rendered judgment thereon. The Supreme Court, in affirming this court (265 F. 524), decided that no question could arise on the writ of error except as to the process, pleadings, or judgment, and no error could be predicated upon the action of the District Judge in withdrawing the case from the jury and making findings, without objection or exception by the parties.

This case is also one at law. 7 C. J. 777. The court on its own responsibility took the case from the jury without objection or exception, found the facts adversely to the receiver, and rendered judgment for the defendant. The disposition of this case is ruled by the decision of the Supreme Court. And as there is no complaint that the judgment is not warranted by the finding of facts by the trial court, or attack upon the process or pleadings, the judgment appealed from should be, and it is, affirmed.