## AMERICAN SURETY CO. OF NEW YORK v. REPUBLIC CASUALTY CO.

### No. 8767.

Circuit Court of Appeals, Eighth Circuit.

July 30, 1930.

F. N. Furber, of Minneapolis, Minn. (Fowler, Carlson, Furber & Johnson, of Minneapolis, Minn., on the brief), for appellant.

Ernest E. Watson, of Minneapolis, Minn., for appellee.

Before KENYON, BOOTH, and GARDNER, Circuit Judges.

KENYON, Circuit Judge.

Appellee casualty company brought action in the United States District Court for the District of Minnesota against Hiram D. Brugger and the American Surety Company of New York to recover for misapplication of premiums on insurance policies received by said Brugger while acting as agent of appellee pursuant to the terms of an agency agreement dated November 1, 1923. Recovery was sought against appellant surety company because of the terms of a bond issued by it protecting the casualty company against pecuniary loss, not exceeding $10,-000, as might be sustained by acts of fraud, embezzlement, etc., on the part of Hiram D. Brugger, or by his willful misapplication directly or through connivance with others of funds belonging to his employer. It was the claim of the casualty company that the

808

amount of its funds misapplied by Brugger was the sum of $9,868.69.

At the close of the evidence, both parties moved, without reservation, for a directed verdict. The jury was discharged, and the court made certain findings of fact and conclusions of law in favor of appellee's contention, holding that Brugger had misappropriated funds of the casualty company while acting as its agent and that the surety company was liable therefor on its bond, and entered judgment against Brugger and the American Surety Company for the sum of $10,368.69, with interest on $9,868.69 at 6 per cent., and for costs. Thereafter the surety company and Brugger moved the court to vacate and set aside the judgment, to amend the findings of fact and conclusions of law, and for a new trial. This motion was denied. The surety company appeals from the judgment.

■ The motions to direct verdicts made by both parties without any reservations authorized the court to pass on the facts, and this court is concluded by such findings if there was substantial evidence to support them. The rule is stated in Williams v. Vreeland, 250 U. S. 295, 298, 39 S. Ct. 438, 439, 63 L. Ed. 989, 3 A. L. R. 1038, as follows: "The established rule is: 'Where both parties request a peremptory instruction and do nothing more they thereby assume the facts to be undisputed and, in effect, submit to the trial judge the determination of the inferences proper to be drawn therefrom.' And upon review a finding of fact by the trial court under such circumstances must stand if the record discloses substantial evidence to support it." See, also, Commissioners of Road District v. St. Louis Southwestern Ry. Co., 257 U. S. 562, 42 S. Ct. 250, 66 L. Ed. 364; Aetna Ins. Co. of Hartford, Conn., v. Licking Valley Milling Co. (C. C. A.) 19 F.(2d) 177; Clapper v. Gamble (C. C. A.) 28 F. (2d) 755; Russell Wheel & Foundry Co. v. United States (C. C. A.) 31 F.(2d) 826; Hookway v. First Nat. Bank (C. C. A.) 36 F.(2d) 166.

■ Under this condition of the record some of the questions, to which reference will later be made, argued by appellant, are not properly before us. The conclusions of law of the court that judgment should be entered against Brugger and the surety company necessarily follow if the findings of fact are to stand. Therefore the only question before us is whether or not such findings are supported by substantial evidence. The first

eighteen findings are conceded in appellant's brief to be substantially correct. Appellant moved to amend findings 19 to 28, inclusive, also finding 30, and moved to amend the conclusions of law. The motions to amend findings of fact from 19 to 26 amounted to requests to the court to find that the provisions of the agency contract between the casualty company and Brugger were departed from without the knowledge or consent of the surety company, in that the business of the agency was in fact conducted by a corporation of the state of Minnesota known as the H. D. Brugger Company, which was known to the casualty company.

It is apparent that these motions to amend the findings of fact raised the real question in this case, viz. Was the agency of H. D. Brugger established by the agreement of November 1, 1923, taken over by the H. D. Brugger Company, a corporation, and, if so, was it with the knowledge and acquiescence of appellee, and without the knowledge and consent of the surety company? If it was taken over with the acquiescence of the casualty company and without the consent of the surety company, and the H. D. Brugger Company, a corporation, was accepted in place of H. D. Brugger, an individual, as the collector of the premiums for business written, the conditions of the bond would not be breached, as the misapplications would have been the acts of the corporation and not of Brugger personally, and the surety company would not be liable on the bond. The facts necessarily inhering in a solution of this question were found by the court in favor of appellee. Is there substantial evidence in the record to sustain such findings?

The agency agreement was made November 1, 1923. It remained in effect until February 28, 1926. Notice of cancellation thereof was received by Brugger in October, 1925, to be effective December 31, 1925. He prevailed upon the casualty company to postpone the date of cancellation until February 28, 1926, Brugger continuing to write insurance and collect premiums belonging to the casualty company up to February 28, 1926. All the alleged misapplications of funds occurred after receipt of notice of cancellation. During the period of the agency, Brugger was also agent for other insurance companies and all collections of premiums were deposited in one common fund, and all remittances were made therefrom. This business of the agency covered general lines of insurance, exclusive of life insurance.

The original copartnership was the Brugger-Kronzer Company, composed of Hiram D. Brugger and Walter H. Kronzer. When they were appointed agents of the casualty company as of July 1, 1921, the surety company furnished as to each a $10,000 bond to protect said company. Bond No. 578722A in which Brugger was principal, is the one here sued upon. This copartnership was incorporated about March 1, 1923, as Brugger-Kronzer & Co., and a new agency contract was entered into between it and appellee. This agency continued until November 1, 1923, when Hiram D. Brugger entered into the new agency contract, out of which arose the matters at issue in this case. This contract appointed him general agent for the state of Minnesota, with power to appoint certain subagents. The casualty company during all of these periods paid the annual premiums on these two bonds to the surety company. After the signing of the last agency agreement, Brugger and four others incorporated the H. D. Brugger Company as a Minnesota corporation. Brugger owned 10 of the 150 shares subscribed for by the stockholders. This is the corporation which appellant claims took over the insurance business of H. D. Brugger, collected the premiums, kept the books, mingled the premiums with its own business, and misapplied the funds of appellee. On the other hand, appellee's claim is that it had no knowledge of the incorporation of H. D. Brugger Company, but assumed H. D. Brugger was doing business under the name of H. D. Brugger Company and that it was not unusual for an insurance agent to adopt some such designation.

There is evidence that letters were written to appellee signed, "H. D. Brugger Company, H. D. Brugger"; that appellee addressed letters to "H. D. Brugger Company". Balance sheets and checks signed "H. D. Brugger Company" were sent to appellee. Appellee furnished to H. D. Brugger certain stationery in the way of letterheads to be used by the agency. On some of this was a card reading "H. D. Brugger Company, Northwestern Manager." On other stationery appeared: "H. D. Brugger Co. Insurance-Surety Bonds. 818 2nd Avenue South, Minneapolis." Shortly after this agency contract of November 1, 1923, Brugger opened a ground floor office in Minneapolis and on the doors and windows was the sign: "H. D. Brugger Company, Insurance, Insurance Bonds." All of this evidence tends to sustain the theory of appellant that appellee was knowingly dealing with the Brugger Company, a corporation, instead of Brugger individually.

We refer to some of the evidence of appellee. Mr. Silliman, vice president and acting executive of appellee, testified that it was customary for an agent to send his requisition into the supply department ordering letterheads and indicating the imprint to be placed thereon, and his company sent them what was desired. He also testified he had no notice or knowledge that H. D. Brugger Company was anything else than H. D. Brugger doing business as H. D. Brugger Company, and such he supposed was the fact. There is evidence on the part of appellee that it is a frequent occurrence as to agencies that the agent does business as himself or as a company. Mr. Brugger, a witness for appellant, testified as follows:

"Q. But you used the H. D. Brugger Company as the medium of transacting your agency? A. Yes, sir, I did.

"Q. In other words, all these agencies were personal agencies as to you and they were operated through the H. D. Brugger Company? A. Well, I wouldn't say that—what I would say, would be this: in order to be licensed in the state, it must be made out to the individual and not to the corporation."

He sought to qualify his first answer that he used the Brugger Company as a medium for transacting his agency, but that statement stands in the record for what it may be worth. The records of the Brugger Company, Incorporated, show no contract with Brugger to take over this contract of agency with the casualty company or to assume any liability thereon. The evidence shows there never was a transfer or assignment or sale of this agency to the corporation. The casualty company had no agency agreement with the Brugger Corporation. It appears from the correspondence between H. D. Brugger Company and officials of appellee that the letters are written largely as letters of H. D. Brugger, and appellee was not advised by them that H. D. Brugger Company was a corporation. They do not show any change whatever in the agency agreement of November 1, 1923, nor do the letters of appellee recognize the H. D. Brugger Corporation as its representative. Some of its letters are addressed to H. D. Brugger and others to H.

D. Brugger Company. When appellee advised Brugger in October, 1925, that the contract of agency would be canceled December 31, 1925, Brugger in response thereto made no mention of H. D. Brugger Company as a corporation, but prevailed upon appellee to postpone the date of cancellation until February 28, 1926. For the premiums on insurance written during that period Brugger did not account to appellee. It is apparent that Brugger deliberately retained these premiums.

A corporation in the state of Minnesota could not write insurance, but there is no reason why Brugger could not carry on his work through an agent, a relative, a clerk, a friend, or under the name of the Brugger Company, and this would give no notice to appellee that there had been any real change in the agency. Because he carried on the agency in the name of Brugger Company is not conclusive that there had been any taking over of the agency by the Brugger Corporation. The court, in finding as a matter of fact that Brugger in using the funds of appellee to pay his own personal debts to others, and to pay the accounts current of other insurance companies, had willfully and fraudulently misapplied the funds of appellee, of necessity found that the misapplications were not made by a distinct entity, the Brugger Company, Incorporated. That question is squarely raised on the motion to amend the findings of fact which the court denied, and hence of necessity found again that the defalcations were those of Brugger and that the Brugger Corporation had not been substituted for Brugger personally as the agency of the casualty company with the acquiescence of said company. The trial court at the time of passing on the motion said: "As the result of your entire arguments on both sides, which have been interesting, on the point of whether or not the defendant is released from all liability because of the fact that the corporation, H. D. Brugger & Company, was organized, and that it actually did the work in large part, I am quite inclined to disagree with the idea, under the circumstances, to release the defendant. I am not at all satisfied that the plaintiff had any such knowledge of the existence of the corporation, and that the corporation was taking a hand—that it should be deprived of the benefit of that bond, and I do not believe that the defendant which gave the bond, is in a position to urge that on that ground it should be relieved."

This was not a finding of fact, but is a very logical, persuasive deduction from the evidence.

It is apparent, we think, from this record, that, while there is evidence to sustain the theory of appellant that the H. D. Brugger Company, a corporation, was substituted in place of H. D. Brugger as appellee's agent, with its knowledge and consent, there is also substantial evidence to sustain the theory that, while the casualty company knew Brugger was carrying on the agency under the name of the H. D. Brugger Company, it had no knowledge of the incorporation of the H. D. Brugger Company, and never assented to its being substituted in place of H. D. Brugger as its agency, and this fact is necessarily included in the findings of fact by the trial court.

The question of want of proper notice to the surety company under the terms of the bond is argued by appellant. There is some doubt as to whether this question was raised in the trial court, but in any event the court found as a matter of fact that the surety company had notice of the misapplication by Brugger of appellee's funds and that appellee complied with all conditions of the bond. There was substantial evidence to sustain such finding. The question that part of the indebtedness of Brugger to the casualty company was a pre-existing debt is raised for the first time in this court, and hence will not be considered.

There being substantial evidence to support the findings of fact of the court, the judgment must be affirmed.