## HUDSON RIVER RAILROAD & TERMINAL CO. v. DAY.

(Circuit Court, D. New Jersey. March 22, 1893.)

1. REMOVAL OF CAUSES—WHO IS A DEFENDANT—CONDEMNATION PROCEEDINGS.
    A landowner who is dissatisfied with the award of damages in condemnation proceedings, and who appeals to a state court, as provided by law, is a defendant, for the purpose of removing the appeal to a federal court, although the law of the state (New Jersey) gives him the right on such appeal to open and close; the issue being confined solely to the amount of damages.

2. SAME—WAIVER—REVIEW BY STATE SUPREME COURT.
    A landowner who has appealed to a state court from the decision in condemnation proceedings against him waives his right of removal to a federal court by having the record of prior proceedings sent up on certiorari for review by the state supreme court. Amy v. Manning, 10 N. E. Rep. 737, 144 Mass. 153, approved.

Proceeding by the Hudson River Railroad & Terminal Company against James Day to condemn certain land. Day appealed to the circuit court of Bergen county, N. J., and removed the appeal to this court. On motion to remand. Granted.

John W. Taylor, for the motion.
Cortlandt Parker, opposed.

GREEN, District Judge. The Hudson River Railroad & Terminal Company, a corporation of the state of New Jersey, under the provisions of the general railroad law of that state, instituted proceedings to condemn for its uses and purposes certain lands situate in Bergen county, in that state, belonging to James Day, a nonresident. In due course an award covering the value of the lands taken, and the damages resulting therefrom, was made by commissioners thereunto duly appointed. Mr. Day, the owner, being dissatisfied with the award, appealed to the circuit court of the county of Bergen, as the statute authorized him to do. Upon filing his appeal in that court, he also filed a petition to remove that appeal to this court, for the reason that he was not a citizen of this state. At the same time he moved for, and obtained, a writ of certiorari from the supreme court of New Jersey, directed to the circuit court of Bergen county, commanding that court to send up to the supreme court, for examination and review, and for adjudication as to their legality, all the proceedings in the condemnation matter which had thus far been had. This writ was duly served, its mandate obeyed, and the allegations of the respective parties heard and taken into consideration by the supreme court. No judgment has yet been rendered by that tribunal, but the controversy is still pending. This matter now comes before the court on a motion to remand it to the circuit court of Bergen county, in the state of New Jersey, from which court it had been removed under the statute regulating removal causes to federal courts.

Two reasons are assigned for remanding: First. That Mr. Day, the landowner who petitioned for the removal, was and is, in fact, the plaintiff in the appeal proceedings before the circuit court on

appeal from the award of commissioners condemning his land for the uses and purposes of the Hudson River Railroad Terminal, and therefore, although a nonresident, had, under the statute, no right to remove the cause; such right being reserved to those who are defendants, only. Second. At the time of filing the petition and bond required by the statute regulating removals to the federal courts, he had applied for and obtained from the supreme court of the state of New Jersey a writ of certiorari, directed to the circuit court of the county of Bergen, commanding that court to certify and send up to the supreme court the record and proceedings in the controversy then pending, for review by the latter tribunal, and that by such proceeding he had waived his right to remove the case to the federal court.

So far as the first reason goes, I do not think it is well founded. It is true that the landowner is an appellant in this case, and might be designated as "plaintiff on appeal," but he is not plaintiff, technically, in this action. The railroad company was the actor. It instituted the proceedings to condemn the lands in question. It originated the initiatory steps which led to the award which is now on appeal from the judgment of a lower tribunal. It invoked the execution of the law, as against the landowner, and it was and is, in fact, the plaintiff. It is undoubtedly true that in New Jersey the supreme court has held that, for sake of uniformity in practice upon the trial of an appeal like this, the landowner has the opening and closing; but that was upon the ground that the issue before the court on appeal in condemnation causes concerns solely the damages which the railroad company are to pay for acquiring land taken, and necessarily the landowner would be called upon to prove those damages affirmatively. Hence, the burden of proof being upon him, the technical right to open and close the case would be his. But that does not in any degree alter the legal character cast upon him by the action taken by the railroad company in the beginning. He was then made defendant, and he remained a defendant all through the litigation. He may be plaintiff in appeal, but he is defendant in the cause. The reasoning of the counsel for the railroad company was very acute upon this branch of the case, but I cannot think it was accurate. So far as the appellant's distinctive character in this litigation is concerned, I must hold that Mr. Day is a defendant, and as such, being a citizen of another state, while the railroad company is a corporation of this state, he is entitled, under the statute in such case made and provided, to invoke its provision, and remove the controversy from the state to the federal tribunal.

The second reason assigned is much more cogent. It is admitted that, at the very time Mr. Day filed his petition for removal in the circuit court of Bergen county, he obtained from the supreme court, or from a justice of the supreme court, a writ of certiorari directed to the Bergen county court, requiring that court to send up all the record and proceedings which had theretofore been had in the cause, that they might be reviewed by the supreme court sitting in banc; that the proceedings and record have been sent, in obedience to the writ, to the supreme court, and a review has been had, both parties

being represented by counsel. The argument on the certiorari took place before the supreme court months after the filing of the petition for removal of the controversy to this court. I think that Mr. Day, in choosing the state tribunal for the protection of his rights, has waived his right to remove his cause to the federal tribunal. He cannot proceed tentatively in either court. He must make his selection. If he chooses to rest the protection of his rights with the state tribunal, he cannot afterwards seek to delay or embarrass the final determination of his case by appealing to the federal tribunal. A single illustration will show that this double proceeding cannot be permitted. If the supreme court of the state of New Jersey, upon considering the validity of the proceedings heretofore had in the condemnation, should set them all aside, as illegal or unwarranted, what pretense would there be that there was any cause to be removed or to be heard in the federal tribunal? The action of the supreme court of the state of New Jersey would be final in the premises, and there would be remaining no controversy to remove into this court.

I think the case of Amy v. Manning, 144 Mass. 153, 10 N. E. Rep. 737, is very much in point. In that case the defendant filed a motion to dismiss a pending cause, and also a petition for removal, and with the latter a motion in which he asked, in case the motion to dismiss should not be granted, the court would order the removal as prayed for in the petition. The court overruled the motion to dismiss, and then held that by his conduct, in moving to dismiss the case, he had lost his right to have it removed. This case is certainly very analogous to the one now before the court. When Mr. Day presented his petition for removal, he asked also for the allowance of a writ of certiorari. The distinct object which he had in view was to obtain from the supreme court of New Jersey an adjudication, in effect, setting aside all proceedings in the cause which had theretofore taken place. This is tantamount to a motion to dismiss the cause. Having taken that course simultaneously with the filing of his petition for removal, I think he has, by such election, waived his right to remove the controversy to this court, and hence the motion to remand is granted.