THE PEOPLE OF THE STATE OF NEW YORK ex rel. DONNER-HANNA COKE CORPORATION Relator, *v.* WILLIAM J. BURKE, CHARLES J. REULING and Another, as and Constituting the Board of Assessors of the City of Buffalo, Defendants.

Supreme Court, Erie County, October 16, 1931.

*Slee, O'Brian, Hellings & Ulsh* [*Ralph Ulsh* of counsel], for the relator.

*Charles L. Feldman, Corporation Counsel of the City of Buffalo* [*Herbert A. Hickman* of counsel], for the defendants.

MacGREGOR, J. It appears that on or about May 29, 1918, the relator entered into an agreement with the government of the United States to establish in connection with its plant a toluol recovery plant. Pursuant to such agreement the relator leased certain of its lands to the government and the government built the plant that it desired upon such lands. It was provided that at the termination of the war the government might remove the plant or that the relator might purchase the same from the government. On or about June 30, 1920, a further agreement was entered into between relator and the government, in and by which the government surrendered its lease of the real property and agreed to sell the plant which had been established thereon to the relator at a certain price, which was to be paid in fixed installments, the title to the plant to remain in the United States until the purchase price was paid. On December 28, 1929, a further agreement was entered into between the United States and the relator, which provided that the relator should erect an extension or addition to the original plant at its own expense, but that the time of payments under the original contract should be extended and that the title to the extension or addition should be in the United States until the entire balance due the government should be paid.

The city of Buffalo has laid an assessment of $970,000 upon the additions to the plant covered by the agreement made December 28, 1929.

The relator has petitioned this court for a writ of certiorari for a review of the assessment so laid.

The defendants have submitted to the court a petition for removal of the cause to the United States District Court, upon the ground that it is shown by the petition of the relator for the writ of certiorari that a controversy exists involving a dispute as to the construction of laws of the United States and also a dispute as to questions involving the Constitution of the United States.

The petition of the relator for the writ of certiorari is based upon various grounds. Among them are the following: " (e) That such an assessment impairs the obligations of petitioner's contracts with the United States and is unconstitutional, confiscatory, illegal and void.

" (f) That said assessment and the exaction of tax thereunder deprives the petitioner of its property without compensation or due process of law, denies to this petitioner the equal protection of the laws, all in violation of the Constitutions of the State of New York and of the United States.

" (g) That said assessment unlawfully impedes, hinders and interferes with the exercise by the United States of its constitutional

functions and powers and with the power to make and carry out contracts in furtherance of such functions and powers."

The relator opposes the application of the defendants for removal upon the following grounds: 1. That the assessors are not the defendants in these proceedings, but that the relator is the defendant and, therefore, only the relator could remove the proceeding under any circumstances.

2. That the United States District Court has no original jurisdiction of the proceeding.

3. That the proceeding does not arise under the Constitution or laws of the United States.

4. That the proceeding is legislative and administrative because it is a part of the taxing machinery of the State and is not a suit within the meaning of the statute.

We will dispose of the objections made by the relator to the removal of the cause in the order named.

Section 28 of the Judicial Code of the United States (U. S. Code, tit. 28, § 71) provides: "Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the district courts of the United States are given original jurisdiction by Part I of the title, in any State court, may be removed by the defendant or defendants therein to the district court of the United States for the proper district."

The relator contends that the board of assessors, although nominally the defendants in the certiorari proceeding, are not such within the contemplation of the removal statute; that in fact the relator is the real defendant and that, therefore, the petition for removal cannot properly be made by the assessors.

The briefs submitted by the able counsel cite no case actually deciding the point. In addition, after exhaustive search, no decision has been found.

Resort must, therefore, be had to analogous cases to ascertain the principles governing the determination of who is the real plaintiff or defendant in proceedings of this character.

This is a proceeding provided by the statutes of the State of New York for the purpose of securing a judicial review of an assessment imposed by the taxing authorities of a civil division of the State. The assessors in the first instance laid the assessment. The relator seeks to be relieved from it. It has proceeded in accordance with the charter of the city of Buffalo and in accordance with the statutes. The assessors are the initiating body seeking to take money from the relator through the medium of a tax upon property. It is an " aggrieved person " within the

meaning of the statutes of the State giving a right of review by the proceeding known as "certiorari." Counsel for the assessors contends that the remedy is separate and apart from the act of assessment. It does not seem to me, however, that there is any essential difference between that act and the act of the municipality in condemning property for its own purposes. The municipality is the aggressor. The relator seeks to defend itself against the aggression.

The case of *Iowa Loan & Trust Co.* v. *Fairweather* (252 Fed. 605) is quite pertinent. In that case the assessors and board of equalization of the city of Des Moines imposed an assessment upon United States Liberty bonds owned by the plaintiff. It had the action removed to the Federal court upon the ground that a Federal question was involved. The decision was made upon a motion to remand. The court in its opinion said: "Parties have a legal and constitutional right to a trial in the courts of the United States in cases involving the construction or application of the Constitution or laws of the United States. It will not do to say that the plaintiff instituted this litigation. As in the *Ditch* cases, the litigation has its foundation in an attempt on the part of the taxing authority of the State of Iowa to levy certain taxes which the plaintiff, under the law, would be compelled to pay. In other words, a proceeding was started to take away from the plaintiff certain money for certain purposes. The State prescribed the procedure by which, under the claim of defendants, this was to be done. It authorized an appeal from the board of review, and a trial in court — a judicial proceeding to have the rights of the plaintiff determined. If the plaintiff, asserting a right under the laws of the United States, cannot have that question tried in the courts of the United States, it is because the Legislature, while giving the plaintiff the right to a trial in court, has so prescribed the conditions, or so named the parties, that this right has been denied. But the Legislature has no such power; having given the plaintiff the right to a trial in court, it could not limit the jurisdiction of the courts of the United States, nor the right of the plaintiff to a trial in such courts, provided the jurisdictional facts exist."

In the case of *Chicago, M. & St. Paul Ry. Co.* v. *Drainage District* (253 Fed. 491), which was a suit in equity involving the amount of taxes which the plaintiff was required to contribute to the public improvement contemplated, the right of the named plaintiff to have the case removed to the Federal court involved the determination of the question as to whether it being designated by the Iowa statute as the "plaintiff" it could, for the purpose of the motion

to remand, be considered as the "defendant." The court said: "Now, upon further consideration and deeper study of the remaining question, as to whether the railway can be considered as defendant in this proceeding within the meaning of the Removal Act, I am convinced that it can and must be so considered. This conclusion has been forced upon me, not by any specific words of the statutes involved, but rather by the reason and spirit of the law as construed by the highest courts. * * * Now, stripped of forms and methods of procedure, the railway company in this case is the owner of property subject to taxation. The question as to whether it is subject to taxation is, under the issues in this case, as I understand them, settled; but the question as to the amount of taxes the property should bear, is in issue — a question of law and fact. It does not make any difference where the burden of proof is; the thing that is transpiring in the court where the trial is held is an inquiry into the amount the railway company must pay to the other party to the suit, or through the other party to the suit, for certain purposes; and ultimately, whichever form it may assume, the result of the judgment in this case is to fix a liability which the railway company must pay.

"In *Hudson River Railway* v. *Day*, (D. C.) 54 Fed. 545, the court says: 'He may be plaintiff in appeal, but he is the defendant in the cause.' And the court points out that at the beginning the railroad company 'was the actor,' just as in this case the county in the beginning 'was the actor.' It is further pointed out that it (the railway company, there; the county here) 'originated the initiatory steps which led to the award which is now on appeal from the judgment of a lower tribunal. It invoked the execution of the law, as against the landowner, and it was, and is, in fact the plaintiff.'

"In *Mason City & Ft. Dodge Railway* v. *Boynton*, 204 U. S. 570, the Supreme Court of the United States says:

"'And it is obvious that the word "defendant," as there used, is directed towards more important matters than the burden of proof or the right to open and close. It is quite conceivable that a state enactment might reverse the names which, for the purpose of removal, this court might think the proper ones to be applied. * * *'

"Here both parties are 'actors'— the one party exercising its power and duty to make a public improvement and to compel the other party to pay its share of the cost of such public improvement; the other party insisting that it shall pay only a portion charged against it. * * *

"If the Legislature of Iowa had enacted that, after the determination by the board of supervisors of the amount of the tax, any

property owner would. have the right, by proceeding in a court of competent jurisdiction, to have the proceedings reviewed in an action in equity, the railway company certainly could have brought its proceeding in this court. The Legislature in effect did grant the property owners this very thing — a trial de novo in an equity proceeding in a court of competent jurisdiction. It could not, by designating the procedure for getting into court an 'appeal,' destroy the right which Congress gave to the plaintiff, a non-resident of the state, to have its case tried in the United States Court."

The principle underlying the cases cited is that a party should not be denied the right to have a Federal question determined in a Federal court because of the procedural requirements of a State statute. The procedure laid down by the statutes of the State of New York for the review of the assessment required that the coke corporation should do so by writ of certiorari. It was compelled to become a nominal plaintiff. It was not in a position to select the forum in the first instance and the holding of the authorities is that it should not be denied the right to have a trial in the courts of the United States because of the procedural requirements. The same principle should apply to the board of assessors. Justice WADE says in the case of *Iowa Loan & Trust Co.* v. *Fairweather* (252 Fed. 605): "Parties have a legal and constitutional right to a trial in the courts of the United States in cases involving the construction or application of the Constitution or laws of the United States." It was not the intention of the statute to deprive a party of this privilege. The provisions of the removal statute evidently contemplated an ordinary action in which the plaintiff would have the right in the first instance to select the forum and, therefore, there would be no occasion for the plaintiff to ask for the removal. The cases cited are authorities for the principle that a party should not be denied a "right" because of the procedural limitations. Upon the same theory a "right" should not be denied to the board of assessors because of the procedural limitations of the State statute.

The fact that the relator might be considered as "defendant" if it desired to remove the proceeding to the Federal court, should not have the effect of ousting the named defendants from the right to remove. The relator does not ask for removal. It does not assert the right that the decisions referred to say that it has, but as I construe the decisions, that does not prevent the named "defendants" from asking for a removal, otherwise they would be deprived of a right that it has been determined they have.

The next objection is that the United States District Court has no original jurisdiction of the proceeding.

" The declaration that a case cannot be removed into the federal courts unless it originally could have been begun there, expresses a limitation which is based, not upon matters of procedure, but upon elements specified as essential to the original jurisdiction of the District Courts concurrently with the state courts, such as that the suit must be of a civil nature at common law or in equity; involving a certain amount in controversy, between citizens of different states, etc., and a proceeding which presents these elements is within the original jurisdiction of the Federal District Courts, notwithstanding it may involve matters of procedure which would prevent its commencement in those courts. * * * Therefore, though a proceeding in a state court could not be commenced in a national court, owing to the character of the proceeding in relation to its procedure, it may be removed to the federal courts when. it is a controversy preventing every element essential to the original jurisdiction of the federal courts." (Hughes Fed. Pr. § 2298.)

Thus removal cannot be denied simply upon the ground that the proceeding could not have been instituted in the first instance in the Federal court. The State statute required that the questions to be determined be brought before the court by means of a particular procedure.

In the case of *Road District* v. *St. Louis S. W. Ry. Co.* (257 U. S. 547, at p. 560) the court quotes with approval the words of Mr. Justice BRADLEY in the *Upshur County* case: " The principle to be deduced from these cases is, that a proceeding, not in a court of justice, but carried on by executive officers in the exercise of their proper functions, as in the valuation of property for the just distribution. of taxes or assessments, is purely administrative in its character, and. cannot, in any just sense, be called a suit; and that an appeal in such a case, to a board of assessors or commissioners having no judicial powers, and only authorized to determine questions of quantity, proportion and value, is not a suit; but that such an appeal may become a suit, if made to a court or tribunal having power to determine questions of law and fact, either with or without a jury, and there are parties litigant to contest the case on one side and the other."

In the *Road District Case* (*supra*) the proceeding was in a State county court to assess benefits and damages growing out of a road improvement. The court held that the appeal created a " suit " and that, notwithstanding the procedure was not applicable to an original suit in the Federal court, it was properly removed.

The court says in that regard: " The next objection is that the Road District Commissioners could not file their assessment book

in the federal court, assuming the necessary diverse citizenship, against any lot or lot owner, and so that the inquiry cannot be removed, because, under § 28 of the Judicial Code, removal is limited to cases within the original jurisdiction of the District Court under § 24. This limitation is not intended to exclude from the right of removal defendants in cases in the state court which because of their peculiar form would be awkward as an original suit in a federal court, or would require therein a reframing of the complaint and different procedure. · *Sheffield Furnace Co.* v. *Witherow*, 149 U. S. 574, 579; *Fleitas* v. *Richardson, No. 1*, 147 U. S. 538, 544. The limitation is that only those proceedings can be removed which have the same essentials as original suits permissible in District Courts, that is that they can be readily assimilated to suits at common law or equity, and that there must be diverse citizenship of the parties and the requisite pecuniary amount involved. *In re Stutsman County*, 88 Fed. 337; *Madisonville Traction Co.* v. *St. Bernard Mining Co.*, 196 U. S. 239, 246; *Searl* v. *School District No. 2*, 127 U. S. 197; *Colorado Midland Ry. Co.* v. *Jones*, 29 Fed. 193." (*Road District* v. *St. Louis S. W. Ry. Co.*, 257 U. S. 547, 561.)

The next objection is that the proceeding does not arise under the Constitution or laws of the United States.

The relator claims an exemption of the property in question from taxation by virtue of a contract made by it with the United States government pursuant to an act of Congress. The controversy in the case is as to whether the property is exempt from taxation under such act. It would seem to follow as a necessary conclusion that if the act, in conjunction with the contract, is effective to create the exemption, then the relator is correct in its contention, otherwise not. The construction of the laws of the United States is brought into dispute.

The court says in the case of *Starin* v. *New York City* (115 U. S. 248) : " If from the questions it appears that some title, right, privilege, or immunity, on which the recovery depends, will be defeated by one construction of the Constitution or a law of the United States, or sustained by the opposite construction, the case will be one arising under the Constitution or laws of the United States within the meaning of that term as used in the act of 1875; otherwise not."

" A case is said to arise under the Constitution and laws of the United States ' whenever its correct decision depends upon the construction of either ' * * * or when ' the title or right set up by the party may be defeated by one construction of the Constitution or law of the United States, or sustained by the opposite

construction.' " (*Blease* v. *Safety Transit Co.*, 50 F. [2d] 852, citing various cases.)

If it was simply a matter of the application of a law of the United States to the case the right of removal would not exist, but the authorities leave no doubt that, if the determination rests upon a disputed construction of the Federal statute or its constitutionality, then a Federal question is involved which justifies a removal.

The next objection is that the proceeding is legislative and administrative because it is a part of the taxing machinery of the State and is not a suit within the meaning of the statute.

The language of Mr. Justice BRADLEY in the case of *Upshur County* v. *Rich* (135 U. S. 467) is quite applicable to the present case. He held in that case that an appeal under a State law from an assessment of taxes to a County Court which, in respect to such proceedings, acts not as a judicial body but as a board of commissioners without judicial powers, only authorized to determine questions of quantity, proportion and value, is not a " suit " which can be removed from the County Court into a Circuit Court of the United States, and be heard and determined there. He says: " At the same time we do not lose sight of the fact, presented by every day's experience, that the legality and constitutionality of taxes and assessments may be subjected to judicial examination in various ways,— by an action against the collecting officer, by a bill for injunction, by certiorari, and by other modes of proceeding. Then, indeed, a suit arises which may come within the cognizance of the federal courts, either by removal thereto, or by writ of error from this court, according to the nature and circumstances of the case. Even an appeal from an assessment, if referred to a court and jury, or merely to a court, to be proceeded in according to judicial methods, may become a suit within the act of Congress. But the ordinary acts and doings of assessors, or of appellate boards of assessors, in passing upon matters of mere valuation, appraisement or proportionate distribution of expense, belong to a different class of governmental functions, executive and administrative in their character, and not appertaining to the judicial department. If an illegal principle of valuation be adopted, or an unconstitutional assessment or tax be made or imposed, or fraud be practised, it may be examined by one of the judicial methods referred to, and thus become the subject of a suit."

In the present case the question is not as to the amount of the tax nor equalization nor any other administrative act, but a controversy over the right in the first instance to impose any tax.

The cases cited by the relator to the effect that matters of taxation do not create a " suit," are all based upon a finding that

simply matters of administration are involved. The conclusion reached by the Federal courts is that when they pass beyond the stage of administration and reach the point of requiring judicial determination, then a " suit " results that is within the terms of the removal statute.

In certiorari proceedings under the Tax Law of the State of New York the court has the power to take evidence and proceed *de novo*. Under the decisions referred to and many others the present proceeding is a " suit " capable of being removed. (*People ex rel. Manhattan R. Co.* v. *Barker*, 152 N. Y. 417.)

The petition for removal is granted.