In re Henrietta AUERBACHER, Settlor, First Account of First Pennsylvania Bank, N.A., Trustee Under Deed and Letter of Investment Instructions Dated June 23, 1952, and Amendments Dated June 1, 1959, December 8, 1961, January 25, 1962, July 30, 1961, and August 27, 1963 by Henrietta Auerbacher, Keystone Living Trust Plan, Stated From June 27, 1952 to June 27, 1985, Account Stated by Reason of the Death of John O. Grom Life Tenant on May 22, 1984.

Civ. A. No. 85–4515.

United States District Court,
E.D. Pennsylvania.

Aug. 16, 1985.

G. Bradley Rainer, Philadelphia, Pa., for First Pennsylvania Bank, N.A.

Cletus P. Lyman, Philadelphia, Pa., for Cheryl Francis.

## MEMORANDUM

O'NEILL, District Judge.

██ On July 3, 1985, First Pennsylvania Bank, N.A., Trustee under Deed of Henrietta Auerbacher, filed its first and final account with the Orphans' Court Division of the Court of Common Pleas of Montgomery County, Pennsylvania. Thereafter, counsel for the Bank sent a notice dated July 15, 1985, to Cheryl Grom Francis, the remainder beneficiary, that the account would be called for audit on August 5, 1985. The notice stated in part:

"A dispute has been raised by Cheryl Grom Francis by the filing of suit in Federal District Court contending that the accountant erroneously made principal distributions to one of the life beneficiaries over 10 years ago, that the accountant showed partiality to life beneficiaries, particularly after 1979, by making investments with relatively high income, but with risk of loss of principal

and little opportunity for principal gain, and that the accountant mismanaged the investments of the trust from at least 1964. The accountant does not agree with the interpretations of its performance of its duties and will contest any such objections raised by Cheryl Grom Francis at Audit." [1]

Ms. Francis filed a petition for removal with this Court on August 2, 1985. In the petition she alleges the requisite jurisdictional amount, that she is the defendant in the state court proceeding, that the Bank is a citizen of Pennsylvania,[2] and that she is a citizen of Massachusetts.[3]

██ A number of general principles govern the exercise of removal jurisdiction. Under 28 U.S.C. § 1441(a), removal is not proper unless this Court would have had original jurisdiction of the state court action. The propriety of removal is to be determined according to plaintiff's pleading at the time of the petition for removal and it is defendant's burden to show the existence of federal jurisdiction, *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir.1985). The removal procedure is statutory; the statute expresses a strong Congressional policy to restrict the right of removal; therefore, the statute must be strictly construed, *LaChemise Lacoste v.*

---

**1.** Ms. Francis filed her suit against the Bank in this Court on May 17, 1985, C.A. No. 85-2777. The complaint asserts the claims described in the notice of audit and seeks an accounting, surcharge of defendant and compensatory and punitive damages.

**2.** The Petition for Removal asserts only that the Bank is a citizen of Pennsylvania. In C.A. No. 85-2777, Ms. Francis alleges that the Bank is a national bank. Counsel has argued that the Bank is a Pennsylvania citizen because it is located here and not in Massachusetts, 28 U.S.C. § 1348.

**3.** In cases based on federal question jurisdiction, the federal controversy must be disclosed on the face of the complaint, unaided by the answer or by the petition for removal. *Gully v. First National Bank*, 299 U.S. 109, 112–113, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936); *Westmoreland Hospital Ass'n v. Blue Cross of Western Pennsylvania*, 605 F.2d 119, 122 (3d Cir.1979), *cert. denied*, 444 U.S. 1077, 100 S.Ct. 1025, 62 L.Ed.2d 759 (1980); *LaChemise Lacoste v. The*

*Alligator Co., Inc.*, 506 F.2d 339, 343–344 (3d Cir.1974), *cert. denied*, 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94, *reh'g denied*, 421 U.S. 1006, 95 S.Ct. 2408, 44 L.Ed.2d 674 (1975). Since the present petition for removal is based on diversity of citizenship the Court may consider the allegations in the petition, *Mattingly v. N.W. Virginia Railroad Co.*, 158 U.S. 53, 56, 15 S.Ct. 725, 726, 39 L.Ed. 894 (1895) 1A Moore's Federal Practice § 0.161, p. 267 (2d ed. 1985); *see* Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3734 (1985).

We do not reach the question whether Ms. Francis is a defendant entitled to remove under 28 U.S.C. § 1441(a) or the related question whether there are other interested parties whose citizenship would have to be alleged and who would have to join in the petition. The petition does not allege to whom the notice of audit was sent. We do not know whether there are creditors or other claimants against the trust res. One of the questions raised in No. 85-2777, an allegedly wrongful payment to the deceased life tenant, suggests that his estate might have an interest in the resolution of that issue.

*The Alligator Co., Inc.,* 506 F.2d 339, 344 (3d Cir.1974), *cert. denied,* 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94, *reh'g denied,* 421 U.S. 1006, 95 S.Ct. 2408, 44 L.Ed.2d 674 (1975). All doubts should be resolved in favor of remand to the state court, *Abels v. State Farm Fire & Cas. Co., supra,* at 29.

Petitioner does not contend that the Bank could have invoked federal jurisdiction by filing its account in federal court in the same form as was used in the state court. Petitioner asserts, however, that the Bank could have filed a declaratory judgment action in this Court pursuant to 28 U.S.C. §§ 2201–2202 and that in such an action the Court could adjudicate the matters raised in the state court audit proceeding and grant the relief sought therein. Assuming, without deciding, that this contention is correct, it does not follow that the present case is removable. Declaratory judgment also is available in the state court, 42 Pa.C.S.A. §§ 7531–7541, but the Bank did not proceed under that statute. In determining removability, the Court is required to look to plaintiff's pleading, which controls. *Amer. Fire & Cas. Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951). The propriety of a removal is determined by the pleading actually used by plaintiff and not by what he could have asserted had he chosen to do so. *W.D. Greenshields v. Warren Petroleum Corporation,* 248 F.2d 61, 65 (10th Cir.), *cert. denied,* 355 U.S. 907, 78 S.Ct. 334, 2 L.Ed.2d 262 (1957).

The Court is especially mindful of the recent admonition of the Court of Appeals that all doubts are to be resolved in favor of remand. Petitioner has failed to sustain her burden to demonstrate that this Court has jurisdiction and the case will be remanded for that reason.

Even if the Court were to determine that jurisdiction of this action exists, we would abstain from its exercise, *Reichman*

---

*v. Pittsburgh Natl. Bank,* 465 F.2d 16, 18 (3d Cir.1972). In *Reichman,* plaintiff beneficiary, a citizen of New York, sued the trustee in federal district court on the basis of diversity of citizenship. The complaint sought to surcharge the trustee for gross mismanagement and requested an accounting. After commencement of the federal action, the trustee filed an account in the Orphans Court. The Court of Appeals held that the district court had jurisdiction of the action[4] but that it was proper for it to abstain:

> "We agree that the facts herein demonstrate a proper case for abstention.... we rely on the substantial identity of the issues raised in Orphans' Court with those presented in the district court and the special ability of the state court to decide those issues in view of its exclusive state jurisdiction over trusts and estates."

---

4. In *Princess Lida of Thurn and Taxis v. Thompson,* 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1934), the Supreme Court held unanimously that the trustees' filing of an account in state court prior to commencement of a federal action operated to vest exclusive jurisdiction in the state court. The Court of Appeals distinguished *Princess Lida* on the ground that Reichman began his federal action before the trustees' account was filed in the state court.