James E. CAMPI, Trustee,

Kimberly Boltz, individually and as Trustee of Chirco Trust UDT 4/19/99, Defendant-cross-claimant,

and

Reginald Boltz, Defendant–cross–claimant–Appellant,

v.

CHIRCO TRUST UDT 02–11–97, Plaintiff–cross–defendant–Appellee.

No. 05–55595.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2007.

Filed Feb. 27, 2007.

David B. Paradis, Esq., Brophy Mills Schmor Gerking & Brophy, Medford, OR, Shaun K. Boss, Esq., Law Offices of Shaun K. Boss, San Diego, CA, for Defendant-cross-claimant.

Steele Nicolson Gillaspey, Esq., Gillaspey & Gillaspey, San Diego, CA, Robert A. Graham, Jr., Esq., Grants Pass, OR, for Plaintiff–cross–defendant–Appellee.

Before: D.W. NELSON, KLEINFELD, and BYBEE, Circuit Judges.

## MEMORANDUM *

Reginald Boltz appeals the district court's judgment on the grounds that: (1)

* This disposition is not appropriate for publica- tion and is not precedent except as provided

the court lacked subject matter jurisdiction because the "probate exception" should have applied; and (2) it erred in finding that the sale of the Fifth Avenue Property violated the terms of the Trust. We AFFIRM.

█ First, the probate exception does not apply in this case. In *Marshall v. Marshall*, 547 U.S. 293, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006), the Supreme Court admonished lower courts for applying the probate exception too broadly. *Id.* at 1748. It opined:

> [T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does *not bar federal courts from adjudicating matters outside those confines* and otherwise within federal jurisdiction.

*Id.* (internal citations omitted) (emphasis added).

The instant case does *not* concern the probate or annulment of a testamentary instrument. Instead, it involves a cause of action alleging fraud, undue influence, and breach of fiduciary duties. Claims merely related to probate matters are not within the probate exception. *Marshall*, 126 S.Ct. at 1741. Moreover, the Fifth Avenue Property is not—nor ever was—in the custody of a state probate court; indeed, the claims alleged were precipitated by the *removal* of the Property from the Trust and its subsequent sale to the Boltzes. Furthermore, even if state courts "have recognized a state-law tort action for interference with an expected inheritance or gift, . . . [a State] may not reserve to its probate courts the exclusive right to adjudicate a transitory tort." *Marshall*, 126

S.Ct. at 1749. Therefore, the probate exception does not apply and the district court properly exercised subject matter jurisdiction.

█ Second, the district court did not err in voiding the sale of the Fifth Avenue Property. It is clear that Article Eleven of the Trust prevented such a sale, and by executing a grant deed conveying the property, Frank Chirco violated this provision because both he and Lily were still alive at the time of the sale. Even if Article Four did permit Frank to determine Lily's competence, it did not permit him to act in contravention of the Trust. On the contrary, Article Four only permitted a trustee to remove assets as necessary for "the settlor's health, education, support, and maintenance," and there is no evidence that the sale was necessary to serve these ends. Moreover, if Article Four authorized Frank, acting as a sole trustee, to act contrary to an express restriction in the Trust, it would enable him effectively to amend the Trust, thereby rendering Article Nine (which required both settlors' signatures to amend the Trust) nugatory.

In sum, because the Trust was not properly amended prior to Frank selling the Fifth Avenue Property, the sale violated Article Eleven's restriction, and the district court was correct to grant the declaratory relief requested.

**AFFIRMED.**