(2008)
In re In the Matter of the Estate of John Henry KENDRICKS.
Bonnie Thomas, et al., individuals, Plaintiffs,
v.
Artists Rights Enforcement Corp., et al., Defendants.
No. CV 08-1811 SVW (Ex).
United States District Court, C.D. California.
August 19, 2008.

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND
STEPHEN V. WILSON, District Judge.

I. INTRODUCTION
Plaintiffs Bonnie Thomas and Barbara Jean Haskins ("Plaintiffs") move to remand the matter before the court to Los Angeles County Superior Court on the grounds that (1) removal was improper because the action removed to federal court was not a "civil action" within the meaning of 28 U.S.C. § 1441(a), and (2) the "probate exception" to federal subject matter jurisdiction applies, which prohibits federal courts from exercising jurisdiction over certain state probate matters. Defendants Artists Rights Enforcement Corporation ("AREC") and Charles Rubin (collectively "Defendants") oppose the motion, arguing that the dispute concerning the validity of the contract is a "civil action" that can be properly removed without removing the entire probate proceeding. Defendants also claim that the probate exception does not apply because the contract dispute would not require the Court to administer the estate and would not involve property currently in the custody of the state probate court. For the reasons set forth below, the Court DENIES Plaintiff's Motion for Remand.

II. FACTS
Plaintiffs are co-administrators of the Estate of John Henry Kendricks ("Estate"), a musician and songwriter known best for authoring the song "The Twist." (Mot., at 2.) During his life, Kendrick entered into a contract with Defendants, which provided that Defendants would collect and distribute to Kendrick royalties received on account of Kendrick's musical publishing and performance rights. (Id.)
On February 21, 2008, Plaintiffs filed a Petition for Orders re Decedent's Claim to Property ("§ 850 Petition") in Los Angeles County Superior Court disputing the validity of the contract with Defendants and attempting to recover the royalty payments to the Estate. (Id.) The Petition was filed pursuant to Cal. Prob.Code § 850(a)(2)(D), which allows an estate administrator to seek a court order declaring the decedent's interest in "real or personal property, title to or possession of which is held by another." Plaintiffs' § 850 Petition alleges that the contract with Defendants is "not valid or enforceable" because (1) the Plaintiffs terminated the contract to the extent that it was ever valid, and (2) the contract terminated upon Kendrick's death because it was not enforceable indefinitely, since it had no specified duration and was ambiguous. (Notice of Removal, Ex. A, at 2.) Thus, Plaintiffs sought a probate court order declaring that title to the royalties received by Defendants since Kendrick's death belong to Plaintiffs as the co-administrators of the Estate. (Id.)
On March 18, 2008, Defendants removed the cause of action asserted in Plaintiffs' § 850 Petition to federal court pursuant to 28 U.S.C. § 1441, alleging diversity of citizenship under 28 U.S.C. § 1332(a). Diversity of citizenship exists given that Plaintiffs are citizens of California and Defendants are citizens of New York. (Notice of Removal, at 4.) The amount in controversy requirement is satisfied because the royalties in Defendants' possession exceed $75,000. (Id. at 3.) Plaintiffs do not dispute these allegations.
Plaintiffs filed their Motion for Remand on May 9, 2008, seeking remand to state court. Plaintiffs claim that removal is improper because Defendants seek removal of only the contract issue raised in the § 850 Petition. (Mot., at 3.) Plaintiffs claim that the § 850 Petition is not a "civil action" and that Defendants must remove the entire probate proceeding to federal court. (Id.) Moreover, Plaintiffs claim that the "probate exception" applies, which bars federal jurisdiction in a narrow class of probate matters. (Id. at 4.)
Notably, there is a New York state court proceeding pending between the same parties involving many of the same issues raised here. The New York suit was filed by Defendant AREC against Plaintiff Barbara Jean Haskins on May 19, 2004. It alleges causes of action for (1) breach of contract, (2) tortious interference with contractual relations, (3) tortious interference with prospective economic advantage, and (4) seeks declaratory relief that Defendant AREC is entitled to its fee for collecting the royalty payments. (Notice of Removal, Ex. B.) The current status of this litigation is unclear.

III. ANALYSIS

A. Civil Action
28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court ... embracing the place where such action is pending." (emphasis added).
Plaintiffs claim that the § 850 Petition is not a "civil action" under the meaning of the statute. They argue that in order for removal to be proper here, Defendants would have to remove the entire probate proceeding from state court. The Court disagrees, however, and finds that the § 850 Petition constitutes an independent civil action that can be removed to federal court.
Rule 3 of the Federal Rules of Civil Procedure says that "[a] civil action is commenced by filing a complaint with the court." In a state probate proceeding, an initial pleading or petition to bring an action commences a civil action that can be removed to federal court. Monahan v. Holmes, 139 F.Supp.2d 253, 256 (D.Conn. 2001). State court actions are removable if they have "`the same essentials as original suits permissible in District Courts; that is that they can be readily assimilated to suits at common law or equity, and that there must be diverse citizenship of the parties and the requisite pecuniary amount involved.'" Id. (quoting Comm'rs of Rd. Improvement Dist. No. 2 v. St. Louis Sw. Ry. Co., 257 U.S. 547, 557-58, 42 S.Ct. 250, 66 L.Ed. 364 (1922)).
In Monahan, the plaintiff, acting as cotrustee of an intervivos trust, initiated an action in the state probate court by filing a petition seeking allowance of the plaintiff's accounting. Id. at 255-56. The defendant, the sole beneficiary of the trust, removed the action to federal court on the grounds of diversity jurisdiction, and plaintiff moved for remand. Id. at 256. The court held that federal jurisdiction was proper because the petition for accounting filed in probate court was a "civil action" within the meaning of 28 U.S.C. § 1441(a) given the "adversarial nature of the proceeding." Id. at 257; see also Cunningham v. World Sav. Bank, FSB, 2007 WL 4181838, at *2 (D.Ariz. Nov. 21, 2007) (allowing removal of a petition to compel defendant to restore assets of the estate filed in state probate court); Richmond v. Pryor, 2007 WL 295540, at *1 (W.D.Wash. Jan. 26, 2007) (permitting removal of petition to recover insurance policy proceeds).
Here, the § 850 Petition satisfies the requirements of a "civil action" because it initiates a proceeding in state court that is adversarial in nature and similar in many respects to an ordinary civil lawsuit. The California Probate Code allows administrators of an estate to file a petition pursuant to § 850 requesting that the probate court issue an order regarding the status of property in the possession of a third party. An action brought under § 850 can include "claims, causes of action, or matters that are normally raised in a civil action," so long as they are factually related to the petition. Cal. Prob.Code § 855. The petitioner is required to give notice of the action by serving the petition on all interested persons. Id. § 851. If the court is satisfied that the property belongs to the estate, the court can order a conveyance or transfer of the property to the personal representative or other fiduciary of the estate. Id. § 851.
Given these features of the § 850 Petition, the Court concludes that the action is adversarial in nature and qualifies as a "civil action" properly removable within the meaning of 28 U.S.C. § 1441(b).[1]

B. Probate Exception
Plaintiffs' alternative basis for remand is that the court lacks jurisdiction due to the "probate exception." The probate exception bars federal courts from asserting diversity jurisdiction over certain probate matters. Marshall v. Marshall, 547 U.S. 293, 308, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006). In Marshall, the Supreme Court restricted the scope of the exception, holding that it "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court."[2]Id. at 311-12, 126 S.Ct. 1735. Federal courts have jurisdiction over "matters outside those confines and otherwise within federal jurisdiction." Id. at 312, 126 S.Ct. 1735. A federal court "will not take jurisdiction if it should not: but it is equally true, that it must take jurisdiction, if it should." Id. at 298, 126 S.Ct. 1735 (quotations omitted).
Causes of action "merely related" to probate matters are not within the probate exception. Campi v. Chirco Trust UDT, 223 Fed.Appx. 584, 585 (9th Cir. 2007) (holding that claims for fraud, undue influence, and breach of fiduciary duty were not within the exception and properly adjudicated by the federal court). In Cunningham, the court held that the probate exception did not bar federal jurisdiction over the probate petition because it alleged causes of action for negligence and breach of contract against a third party bank that had improperly disposed of estate property. 2007 WL 4181838, at *4. The court said that the negligence and contract claims "fall far outside the bounds of the probate exception." Id.
Furthermore, property is not in the custody of the state probate court if the federal court's "`final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court.'" Marshall, 547 U.S. at 310, 126 S.Ct. 1735 (quoting Markham v. Cabell, 326 U.S. 404, 424, 66 S.Ct. 193, 90 L.Ed. 165 (1945)). In Campi, the Ninth Circuit held that property was never in the custody of the probate court because the claims for fraud and breach of fiduciary duty arose out of the defendant's removal of the property from the trust. 223 Fed. Appx. at 585. Thus, the plaintiff's attempt to bring the property back into the estate for distribution to the heirs indicated that the property was not in the custody of the probate court. See id.
An important distinction in this regard is to be made between in rem and in personam actions. Marshall, 547 U.S. at 312, 126 S.Ct. 1735. In Marshall, the Supreme Court stated that "when one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res." Id. However, since the plaintiff sought an in personam judgment based on the defendant's alleged tortious interference with plaintiff's expectancy under the will, the Court found that the probate exception did not apply. Id.; see also Lefkowitz, 528 F.3d at 108 (reversing the district court's order remanding in personam claims, but affirming remand of in rem claims).
Here, Plaintiffs' § 850 Petition disputes the validity of a contract with Defendant and seeks delivery of royalties in Defendants' possession to the Estate. The dispute concerns whether the contract was ever valid and/or whether it has been effectively terminated. This contract dispute is merely related to the probate proceeding and does not require the Court to probate a will or administer an estate.
Moreover, Plaintiffs admit that the royalties that they seek are in the possession of Defendants, and therefore, are not simultaneously in the custody of the probate court. Plaintiffs seek an in personam judgment against Defendants declaring the contract invalid and unenforceable. Thus, the probate exception does not apply here to prohibit federal subject matter jurisdiction.[3]

IV. CONCLUSION
Plaintiffs' § 850 Petition is a "civil action" properly removable to federal court and the "probate exception" does not apply to preclude federal diversity jurisdiction. Thus, Plaintiffs' Motion for Remand is DENIED.
NOTES
[1] Plaintiffs make the related argument that Defendants cannot remove only bits and pieces of a civil action to federal court. It is generally true that individual claims and/or parties cannot be separated from the whole of the case and removed to federal court. See Arango v. Guzman Travel Advisors Corp., 621 F.2d 1371, 1376 (5th Cir.1980); Simmons v. State of Cal., Dep't of Indus. Relations, Div. of Labor Standards Enforcement, 740 F.Supp. 781, 785-86 (E.D.Cal.1990); Adolph Coors Co. v. Sickler, 608 F.Supp. 1417, 1425 (C.D.Cal.1985). In this case, however, since the Court is satisfied that the § 850 Petition is an independent "civil action," the argument that removal would result in severance of bits and pieces of the case does not apply.
[2] In Lefkowitz v. Bank of N.Y., the Second Circuit divided the Supreme Court test into two separate inquiries. 528 F.3d 102, 106 (2d Cir.2007). First, whether the federal court would have to administer an estate, probate a will, or do any other purely probate matter. Id. Second, whether judgment would cause the court to reach a res in custody of the state probate court. Id.
[3] Plaintiffs make the further argument that practical considerations support remand because state courts have special proficiency in probate matters. Plaintiffs rely on a Seventh Circuit case where Judge Posner noted that state probate courts have specialized procedures and staff not found in federal court. Struck v. Cook County Pub. Guardian, 508 F.3d 858, 860 (7th Cir.2007). This argument is unpersuasive here, however, because the § 850 Petition raises a common contract dispute, which requires no specialized knowledge of probate law.